IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-82-GF-BMM-02 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| PAIGE LARANN DEMARCE, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Demarce of violating her conditions of supervised release by (1) failing to report for substance abuse testing, (2) failing to report for substance abuse treatment, (3) submitting a diluted urine sample, and (4) failing to make payments towards her court ordered restitution. She admitted to the violations. Her supervised release should be revoked. She should be sentenced to three months in custody, with thirty-three months of supervised release to follow.

## II. Status

Mr. Snell pleaded guilty to Aggravated Identity Theft on February 8, 2016. (Doc. 36.) United States District Judge Brian Morris sentenced her to seven days in custody, with thirty-six months of supervised release to follow on December 5,

2014. (Doc. 59.) She began her current term of supervised release on July 5, 2016.

The United States Probation Office filed a Report on Offender Under Supervision on September 25, 2016, notifying the Court that Ms. Demarce failed to comply with substance abuse testing and treatment and used a prohibited substance on two occasions. (Doc. 82.) The Court allowed her to continue her supervised release.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on January 9, 2017, alleging that Mr. Demarce violated the terms of her supervised release by (1) failing to report for substance abuse testing, (2) failing to report for substance abuse treatment, (3) submitting a diluted urine sample, and (4) failing to make payments towards her court ordered restitution. (Doc. 84.) Judge Morris issued a warrant for her arrest based on the allegations in the Petition. (Doc. 85.)

**Initial appearance**

Ms. Demarce appeared before the undersigned on February 7, 2017, in Great Falls, Montana. Federal Defender Hank Branom accompanied her. Assistant United States Attorney Jeffery Starnes represented the United States.

Ms. Demarce said she had read the petition and understood the allegations.

She waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Demarce admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of her supervised release.

Ms. Demarce's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class B felony. She could be incarcerated for up to thirty-six months and could be ordered to remain on supervised release for sixty months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Branom recommended a two month sentence. Ms. Demarce exercised her right of allocution and stated that she just found out she was pregnant. Mr. Starnes recommended a sentence in the low-end of the guideline range.

### III. Analysis

Ms. Demarce's supervised release should be revoked because she admitted violating its conditions. She should be sentenced to three months of incarceration, with thirty-three months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

## IV. Conclusion

Ms. Demarce was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider her objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Paige Larann Demarce violated the conditions of her supervised release by (1) failing to report for substance abuse testing, (2) failing to report for substance abuse treatment, (3)submitting a diluted urine sample, and (4) failing to make payments towards her court ordered restitution.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Ms. Demarce's supervised release and committing her to the custody of the United States Bureau of Prisons for three months, with thirty-three months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

      Dated the 13th day of February 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge