IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-82-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| PAIGE LARANN DEMARCE, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Demarce of violating her conditions of supervised release by 1) possessing a controlled substance, 2) using a controlled substance, 3) failing to report for substance abuse testing, 4) failing to participate in substance abuse treatment, and 5) failing to pay restitution. She admitted to violations 1 through 4, but denied violation 5. Her supervised release should be revoked. She should be sentenced to five months in custody, with twenty-eight months of supervised release to follow. Ms. Demarce should spend the first two months of her supervised release in a treatment facility as determined by the Probation Office.

## II. Status

On June 9, 2016, United States District Court Judge Brian Morris sentence Ms. Demarce to seven days in custody, with thirty-six months of supervised release to follow, and $31,836.37 in restitution, after Ms. Demarce pleaded guilty to Theft/Embezzlement/Misapplication by a Bank Officer. (Doc. 62).

On September 25, 2016, the United States Probation Office filed a Report on Offender Under Supervision notifying the Court that Ms. Demarce failed to comply with substance abuse testing and treatment and used a prohibited substance on two occasions. (Doc. 82). The Court allowed her to continue her supervised release.

On December 14, 2016, the Probation Office filed a Request for Modifying the Conditions or Term of Supervision to address her continued refusal to comply with substance abuse testing by extending her monitoring program for two months. (Doc. 83). Ms. Demarce did not object, but failed to secure a phone, and therefore the Probation Office was unable to implement the modification.

On January 9, 2017, the United States Probation Office filed a Petition for Warrant for Offender Under Supervision due to Ms. Demarce's refusal to comply with substance abuse testing and treatment, as well as her failure to pay restitution. (Doc. 84). Ms. Demarce was sentenced to three months in custody, with thirty-

three months of supervised release to follow.

**Petition**

On July 27, 2017, the United States Probation Office filed a Petition for Warrant for Offender Under Supervision. The petition alleged that on May 9, 2017, Mr. Demarce supplied a positive urine sample for opiates and methamphetamine, and admitted both verbally and in writing to using both methamphetamine and pain medication without a prescription. The petition further alleged that Ms Demarce failed to report for substance abuse testing on May 12, 18, and 31, 2017, and June 8, 14 and 26, 2017. The petition also alleged that Ms. Demarce failed to report for substance abuse treatment on May 25, 2017 and June 8, 2017. Finally, the petition alleged that as of the writing of the petition on July 27, 2017, there was no record of Ms. Demarce making any restitution payments while on supervision, and that the balance as of filing of the petition was $31, 586.37. (Doc. 109). Judge Morris issued a warrant for her arrest based on the allegations in the petition. (Doc. 110).

**Initial appearance**

Ms. Demarce was arrested on March 3, 2018. Ms. Demarce appeared before the undersigned on March 12, 2018, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied her. Assistant United States Attorney Jared

Cobell represented the United States.

Ms. Demarce said she had read the petition and understood the allegations. She waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Demarce admitted that she violated the conditions of her supervised release as alleged in violations 1 through 4, but denied the allegations in violation 5. The United States did not put on any evidence with respect to violation 5, therefore the Court finds that the United States has not met its burden with respect to violation 5. However, the admitted violations are serious and warrant revocation of her supervised release.

Ms. Demarce's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class B felony. She could be incarcerated for up to thirty-six months and could be ordered to remain on supervised release for thirty-three months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes requested that the sentencing hearing be continued to evaluate whether Ms. Demarce could be admitted to treatment upon release from custody. The Court continued the hearing.

On April 17, 2018, the Court resumed the revocation hearing. Mr. Arvanetes was present on behalf of Ms. Demarce, and Mr. Cobell represented the United States. Mr. Arvanetes informed the Court that Ms. Demarce had been accepted to Passages upon her release from custody. Ms. Demarce exercised her right of allocution and stated that she realizes she has a substance abuse problem and wants inpatient treatment. She recommended a sentence of five months custody. Mr. Cobell agreed with a sentence of five months custody with the first two months of supervision to be spent in a treatment facility.

### III. Analysis

Ms. Demarce's supervised release should be revoked because she admitted violating its conditions. She should be sentenced to five months of incarceration, with thirty months of supervised release to follow. In addition, the first two months of her supervised release should be spent in an inpatient treatment facility as determined by the Probation Office. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Ms. Demarce was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned

explained that Judge Morris would consider her objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. The parties waived their respective rights of appeal.

 The undersigned **FINDS:**

> Paige Larann Demarce violated the conditions of her supervised release by 1) possessing a controlled substance, 2) using a controlled substance, 3) failing to report for substance abuse testing, and 4) failing to participate in substance abuse treatment.

 The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Ms. Demarce's supervised release and committing her to the custody of the United States Bureau of Prisons for five months of incarceration, with thirty months of supervised release to follow. In addition, the first two months of her supervised release should be spent in an inpatient treatment facility as determined by the Probation Office.

 Dated the 20th day of April, 2017.

John Johnston
United States Magistrate Judge