# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAIGE LARANN DEMARCE,<br><br>Defendant. | CR 15-82-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Defendant Paige Larann Demarce (Demarce) has been accused of violating the conditions of her supervised release by failing to report to her probation officer within 72 hours of her release from custody, by leaving Montana without the permission of her probation officer, and by failing to report for substance abuse treatment. Demarce has admitted all of the alleged violations. Demarce's supervised release should be revoked. Demarce should be placed in custody until November 1, 2018, with 90 days of supervised release to follow. Demarce should reside at Passages treatment facility in Billings, Montana, while she is on supervised release.

## II. Status

Demarce pleaded guilty to Bank Employee Fraud on February 8, 2016. (Doc. 36). The Court sentenced Day to 7 days of custody, followed by 3 years of supervised release. (Doc. 62). Demarce's current term of supervised release began on August 2, 2018. (Doc. 129 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Demarce's supervised release on August 23, 2018. (Doc. 129). The Petition alleged that Demarce violated the conditions of her supervised release by failing to report to her probation officer within 72 hours of her release from custody, by leaving Montana without the permission of her probation officer, and by failing to report for substance abuse treatment. United States District Judge Brian Morris issued a warrant for Demarce's arrest on August 23, 2018. (Doc. 130).

**Initial appearance**

Demarce appeared before the undersigned for her initial appearance on October 23, 2018. (Doc. 132). Demarce was represented by R. Hank Branom, Esq. Demarce stated that she had read the petition and that she understood the allegations. Demarce waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 23, 2018, and on October 30, 2018. Demarce admitted that she had violated the conditions of her supervised release by failing to report to her probation officer within 72 hours of her release from custody, by leaving Montana without the permission of her probation officer, and by failing to report for substance abuse treatment. The violations are serious and warrant revocation of Demarce's supervised release.

Demarce's violation is a Grade C violation. Demarce's criminal history category is I. Demarce's underlying offense is a Class B felony. Demarce could be incarcerated for up to 36 months. Demarce could be ordered to remain on supervised release for up to 52 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months. Demarce waived her right to allocute before the Court.

### III.  Analysis

Demarce's supervised release should be revoked. Demarce should be incarcerated until November 1, 2018, with 90 days of supervised release to follow. This sentence is sufficient but not greater than necessary. Demarce should be incarcerated at the Great Falls, Detention Center. Demarce should be released to the custody of the United States Probation Office on November 1, 2018. The

Untied States Probation Office should transport Demarce to Passages treatment center in Billings, Montana. Demarce should reside at Passages while she is on supervised release. The supervised release conditions imposed previously should be continued.

## IV. Conclusion

The Court informed Demarce that the above sentence would be recommended to Judge Morris. The Court also informed Demarce of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Demarce that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Demarce stated that she wished to waive her right to object to these Findings and Recommendations

The Court **FINDS:**

> Paige Larann Demarce violated the conditions of her supervised release by failing to report to her probation officer within 72 hours of her release from custody, by leaving Montana without the permission of her probation officer, and by failing to report for substance abuse treatment.

The Court **RECOMMENDS:**

> 1. The District Court should revoke Demarce's supervised release and commit Demarce to the custody of the United States Bureau of Prisons until November 1, 2018, with 90 days of supervised release to follow.

2. Demarce should be incarcerated in the Great Falls Detention Center.

3. Demarce should be released to the custody of the United States Probation Office on November 1, 2018.

4. The United States Probation Office should transport Demarce to Passages treatment center in Billings, Montana.

5. Demarce should reside at Passages while she is on supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may

waive the right to appear and allocute before a district judge.

DATED this 31st day of October, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge